UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILFRED D. HART,

    Plaintiff,

v.

BEE PROPERTY MANAGEMENT,
INC.

    Defendant.
_____/

Civil Action No. 18-11851
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT *SUA SPONTE* FOR LACK OF SUBJECT MATTER JURISDICTION, OR TO GRANT DEFENDANT BEE PROPERTY MANAGEMENT, INC.'S MOTION TO DISMISS, BUT DENY ITS REQUEST FOR ATTORNEY'S <u>FEES AND COSTS [ECF NO. 12]</u>**

**I. Introduction**

    This is a landlord-tenant dispute. Plaintiff Wilfred Dewitt Hart, proceeding *pro se*, alleges that Defendant Bee Property Management, Inc. committed real estate fraud and violated unspecified usury laws. [ECF No. 1]. The Honorable Matthew F. Leitman referred this matter to the undersigned for all pretrial matters. [ECF No. 9]. Bee Property now moves to dismiss under the Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted. [ECF No. 12].

After his due date for filing a response, Hart moved for an extension of time to find an attorney. [ECF No. 14, PageID.66]. The Court denied Hart's motion because he failed to demonstrate excusable neglect to justify granting him an extension. [ECF No. 16].

Hart's failure to respond to Bee Property's motion to dismiss, standing alone, cannot justify a dismissal for failure to prosecute, so the Court has carefully reviewed the motion to determine if it has merit. *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991). *See also Coley v. State of Ohio Dep't of Rehab.*, No. 2:16-CV-258, 2016 WL 5122559, at *1 (S.D. Ohio Sept. 21, 2016) (a court must consider the merits of a motion to dismiss before granting it even if the plaintiff failed to timely respond). But before reaching the merits of Bee Property's motion, the Court considered whether subject matter jurisdiction exists.

Because Hart failed to set forth any basis for federal jurisdiction, the Court **RECOMMENDS** that Hart's complaint be **DISMISSED WITHOUT PREJUDICE**.[1]  If this recommendation is not accepted and Judge Leitman considers the merits of the motion to dismiss, it should be **GRANTED,** but Bee Property's request for costs and attorney fees should be **DENIED.**

---

[1] A dismissal for lack of subject matter jurisdiction is ordinarily without merit because the court does not reach the merits of the action. *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576 (6th Cir. 2010).

## II. Background

In June 2017, Bee Property and Hart entered into a two-year residential lease agreement for Hart to lease a house on Warwick Street in Detroit, Michigan. [ECF No. 12-2, PageID.44, 51]. In November 2017, Bee Property filed a demand for possession due to nonpayment of rent. [ECF No. 12, PageID.32]. The 36th Judicial District Court entered a default judgement of possession in favor of Bee Property the following month. [*Id.*, PageID.33]. In March 2018, the Wayne County Circuit Court dismissed with prejudice Hart's appeal from the default judgment of possession. [ECF No. 12-6]. The court also determined that Hart's appeal was vexatious and ordered Hart to pay Bee Property's costs and attorney fees. [*Id.*, 12-6, PageID.60]. Then, in April 2018, a 36th District Court judge ordered that Hart be evicted. [ECF No. 12-7, PageID.63]. Bee Property has since evicted Hart and sold the property to a third party. [ECF No. 12, PageID.34].

In this action, Hart alleges that Bee Property engaged in real estate fraud and violated usury laws to defraud him into thinking that he had a mortgage loan, thus fraudulently stealing his home. [ECF No. 1, PageID.4-5]. He alleges federal question jurisdiction. [*Id.*, PageID.3].

### III. Analysis

### A.

A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). A claim is not colorable if it is "wholly insubstantial and frivolous." *Id.*, at 513, n. 10 (internal citation and quotation marks omitted). If the court lacks subject matter jurisdiction, then a motion to dismiss under Rule 12(b)(6) becomes moot. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)

A motion to dismiss under 12(b)(6) for "failure to state a claim upon which relief can be granted" tests a complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a)(2), the statement of the claim must be plausible. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As the *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Even so, complaints filed by *pro se* litigants still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

**B.**

Hart's complaint should be dismissed with prejudice for lack of subject matter jurisdiction because he had not pleaded a colorable claim that arises under the Constitution or law of the United States. *Arbaugh,* 546 U.S. at 513.   Landlord-tenant and eviction disputes are typically state law claims.  *See MLS Holdings, Inc. v. Jones*, No. 3:13CV-68-H, 2013 WL 1788480, at *2 (W.D. Ky. Apr. 26, 2013) (collecting cases); *Clark v. Vill. Green of Waterford*, No. 07-11153, 2007 WL 2214573, at *2 (E.D. Mich. July 26, 2007) ("These claims are based on state landlord-tenant law over which this court does not have subject matter jurisdiction.").

Hart's claim that Bee Property committed real estate fraud does not arise under federal law either. *Winston v. Daniels*, No. 1:10-CV-74-SJM, 2011 WL 2680282, at *5 (W.D. Pa. July 8, 2011) (no subject matter jurisdiction for alleged real estate fraud).  And he does not identify a federal usury law that could apply to the facts he alleged.  Usury laws apply to the interest on loans.  *See, e.g.*, the National Bank Act, 12 U.S.C. § 86.  Hart alleges in his complaint that Bee Property defrauded him into believing that he had a mortgage loan when there was none.  [ECF No. 1, PageID.4-5]. In the absence of a loan, there is no colorable claim of usury under federal law.

For these reasons, Hart's complaint should be dismissed for lack of subject matter jurisdiction.

## C.

*Res judicata* also bars Hart's complaint. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to "give the same preclusive effect to a state court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816–17 (6th Cir. 2010). And when a prior action is in a state court, the preclusion laws of that state apply. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002). "Michigan law defines *res judicata* broadly to bar litigation in the second action not only of those claims actually litigated in the first action, but also claims arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not." *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 11 (2003) (citations omitted). And "[r]es judicata applies to default judgments." *Schwartz v. City of Flint,* 187 Mich. App. 191, 194 (1991).

*Res judicata* bars a subsequent action "when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same

parties or their privies." *Dart v. Dart*, 460 Mich. 573, 586 (1999). Application of these elements renders a finding that *res judicata* applies.

First, state courts have issued final decisions on the merits; the 36th District Court entered a default judgment of possession and the Wayne County Circuit Court dismissed Hart's appeal. [ECF Nos. 12-4, 12-6]. Addressing the second element, the state courts could have resolved the claims that Hart raises here. In other words, Hart could have defended Bee Property's demand for possession of the property at issue by asserting, as he does here, that he was entitled to ownership of the home due to Bee Property's fraud and violation of usury laws. [ECF No. 1]. Finally, as required by the third element, this case and the state court actions involve the same parties—Hart and Bee Properties. [ECF Nos. 12-4, 12-6].

For these reasons, *res judicata* bars this case.

### D.

Even if subject matter jurisdiction existed for Hart's complaint, and even if it should not be barred by *res judicata*, his complaint should be dismissed with prejudice for failure to state a claim upon which relief could be granted under Rule 12(b)(6). He alleges violations of unspecified usury laws, [ECF No. 1, PageID.4], but sets forth no facts in his complaint to indicate that usury law violations occurred. As noted, usury laws apply to

the interest on loans. *See, e.g.* § 86; M.C.L. § 438.31. Hart's complaint indicates that no loan existed. [ECF No. 1, PageID.4-5]. On its face, his usury claim is not plausible and should be dismissed. *Ashcroft*, 556 U.S. at 677-78.

Hart has also failed to state a claim for real estate fraud under federal or Michigan law. The federal rules of civil procedure impose a heightened standard for pleading fraud and misrepresentation claims. Fed. R. Civ. P. 9(b). Thus, such a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008). Rule 9(b) requires, at a minimum, that a plaintiff "allege the time, place and contents of the misrepresentations upon which" he relied. *Id.*

Hart does not come near to satisfying the pleading requirement for fraud. He does not specify any statements made by a Bee Property representative that were fraudulent; he does not identify a speaker; he does not state where and when the statements were made; and he does not explain why any statements were fraudulent. [ECF No. 1, PageID.4-5]. Since Hart does not satisfy the heightened pleading standard of Rule 9(b), his complaint should be dismissed.

**E.**

Bee Property requests attorney's fees and costs under 42 U.S.C. § 1988. [ECF No. 12, PageID.39]. But that statute applies to actions explicitly applies to civil rights actions, see § 1988(b), and the authority that Bee Property cites are civil rights actions. *Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818, 821 (6th Cir. 2000) (race discrimination and retaliation); *Neitzke v. Williams*, 490 U.S. 319 (1989) (prisoner civil rights). Hart's complaint does not invoke a civil rights law, so Section 1988 does not apply. Bee Property's request for attorney's fees and costs should therefore be denied.

### V. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Hart's complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE SUA SPONTE** for lack of subject matter jurisdiction. Alternatively, Bee Property's motion to dismiss [ECF No. 12] should be **GRANTED** because Hart's complaint is barred by *res judicata* and because he failed to state a plausible claim. Bee Property's request for attorney's fees and costs should be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 12, 2019

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2019.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager