UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILFRED D. HART,

    Plaintiff,                                     Case No. 18-cv-11851
                                                Hon. Matthew F. Leitman
v.

BEE PROPERTY MANAGEMENT, INC.

    Defendant.
_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT & RECOMMENDATION (ECF #17), (2) DISMISSING COMPLAINT WITHOUT PREJUDICE DUE TO A LACK OF SUBJECT-MATTER JURSIDICTION, AND (3) TERMINATING DEFENADNT'S MOTION TO DISMISS (ECF #12) AS MOOT**

In this action, *pro se* Plaintiff Wilfred D. Hart alleges that Defendant Bee Property Management, Inc. committed real estate fraud and violated certain usury laws. (*See* Compl., ECF #1.) On August 15, 2018, Bee Property moved to dismiss Hart's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot., ECF #12.)

On February 12, 2019, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court dismiss Hart's Complaint because he had failed to establish that this Court has subject-matter jurisdiction over this action (the "R&R"). (*See* R&R, ECF #17.) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek

1

review of her recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.* at Pg. ID 89-90.) The Court mailed a copy of the R&R to Hart at the mailing address he provided the Court on February 12, 2019. (*See* Dkt.)

"Federal courts have limited jurisdiction, and [] can only exercise the powers vested in [them] by the Constitution and statute." *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). Federal courts also "have an independent obligation to investigate and police the boundaries of [their] own jurisdiction." *Id.* (internal quotation marks omitted). This duty "requires" a federal court to raise jurisdiction issues "when [it] see[s] them." *Id.* "The plaintiff has the burden of proving that the federal court has subject-matter jurisdiction." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015).

Hart has not filed any objections to the R&R. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because Hart has failed to file any objections to the R&R, and because he has failed to establish this Court's subject-matter jurisdiction, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation to dismiss his Complaint without prejudice is **ADOPTED**.

**IT IS FURTHER ORDERED** that (1) Hart's Complaint (ECF #1) is **DISMSISED WITHOUT PREJUDICE** due to a lack of subject-matter jurisdiction and (2) Bee Property's motion to dismiss (ECF #12) is **TERMINATED AS MOOT**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764